United States District Court
Southern District of Texas
**ENTERED**
June 19, 2017
David J. Bradley, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| DARVIN McAFEE, individually and on behalf of all others similarly situated, | § | |
| Plaintiff, | § | |
| v. | § | CIVIL ACTION NO. 4:16-cv-03298 |
| PIONEER NATURAL RESOURCES COMPANY | § | |
| Defendant. | § | |

## STIPULATED PROTECTIVE ORDER

WHEREAS, the parties may propound discovery requests calling for the production of information regarding Plaintiff's services relating to Defendant's operations and any opt-ins, and other confidential and proprietary information of Defendant; therefore,

1. Any document, group of documents, or other information produced by any party which is designated **CONFIDENTIAL** shall be subject to the provisions of this Stipulated Protective Order. A party may designate documents or other information **CONFIDENTIAL** only if the party believes in good faith that it contains or reflects confidential, financial, personal, or proprietary information, information impacting the privacy of individual nonparties, or confidential information related to a party's operations and/or workforce. If any nonproducing party wishes to remove such designation, it shall have the burden of identifying the document or group of documents and raising the issue. The party attempting to designate a document or group of documents **CONFIDENTIAL** shall have the burden of proof of establishing the confidential status of the document or group of documents in the event the Confidential designation is challenged or removal of the designation is sought.

The parties shall then confer informally to attempt to resolve any dispute over the classification of a document or group of documents.

2. Any documents, interrogatory answers, responses to requests for admission, affidavits, pleadings, or deposition testimony may be designated **CONFIDENTIAL** by stamping the word **CONFIDENTIAL** on each page to be designated, or by designating the cover page or first page of a group of documents as **CONFIDENTIAL** and such designation shall apply not only to the original but also to all copies, excerpts and summaries thereof.

3. A party producing documents shall designate them **CONFIDENTIAL** at the time they are produced or copied. The production of **CONFIDENTIAL** information without initial designation shall not deprive the information of its **CONFIDENTIAL** status provided a party in good faith asserts **CONFIDENTIAL** status with reasonable timeliness upon its discovery of the absence of the designation.

4. Except as provided in paragraph 5 below, or as may be otherwise agreed upon by counsel for the parties, attorneys for the parties and/or their staff shall at all times have and maintain physical custody and control over all confidential documents and other information and shall also be responsible for ensuring that such confidential matter does not leave their custody and is not disclosed orally.

5. Access to and/or knowledge designated **CONFIDENTIAL** shall be limited to the following categories of persons:

(a) the attorneys of record for the parties, including regularly employed persons in their offices;

(b) the parties and, in the case of PIONEER NATURAL RESOURCES COMPANY, their employees;

(c) subject to the conditions of paragraph 6 below, any experts, investigators, or consultants expressly retained by such attorneys for the purpose of assisting in the preparation of this case for trial, such as accountants, economists, statisticians, and private investigators;

(d) subject to the conditions of paragraph 6 below, any person who may be a witness in the case, if reasonably necessary in preparation for or questioning at deposition or trial;

(e) any judicial officers or court reporters whose function is necessary to conduct this litigation;

(f) subject to the conditions of paragraph 6 below, any other person consented to by the designating party.

6. Prior to the disclosure of any **CONFIDENTIAL** information to any person within categories (c), (d) or (f) of paragraph 5 above, a party shall instruct the person to whom disclosure is being given:

(a) that **CONFIDENTIAL** information will neither be disclosed to nor discussed with persons not authorized to have access to such information;

(b) that no copies or other reproductions of **CONFIDENTIAL** information shall be made by such persons.

7. Subject to the provision set forth below, persons enumerated in the foregoing categories may use **CONFIDENTIAL** information only for the purpose of preparing this case for trial and/or settlement and not for any business or other purpose and may not reveal the information to others.

8. The confidentiality provisions of this Order do not apply to documents or information filed with local, state or federal agencies or foreign governments or considered public records under the laws of the particular jurisdiction, or otherwise disclosed to the public.

9. Nothing herein shall in any respect constitute a waiver of any attorney-client, work product, or other privilege of any party. The parties pledge, however, to work in good faith to produce relevant, unprivileged information and documentation in response to discovery requests. The provisions of Rule 502(d) of the Federal Rules of Evidence apply.

10. After final termination of this action, including all appeals, each respective party may elect to have all discovery materials marked "**CONFIDENTIAL" AND/OR "ATTORNEY'S EYES ONLY**" pursuant to paragraphs 5(a)-(d) and (f) and/or 10 of the Protective Order, including all copies thereof and all documents incorporating or referring to such information, destroyed and such destruction confirmed in correspondence to counsel for the disclosing person. If not destroyed, each respective party shall return such discovery materials to the disclosing counsel. A party and its counsel of record need not destroy or return "**CONFIDENTIAL**"/"**ATTORNEY'S EYES ONLY**" discovery materials incorporated in materials filed with the court, subject to the terms of this Protective Order. Counsel of record need not destroy or return "**CONFIDENTIAL**"/"**ATTORNEY'S EYES ONLY**" discovery materials incorporated in work product retained solely by counsel.

11. In the event a Party wishes to use any Confidential Information in any pleadings, affidavits, brief, memorandum of law, or other papers filed in court in this lawsuit (hereafter a "Pleading with Confidential Information"), the parties will comply with the procedures set forth in the Federal Rules of Civil Procedure to protect the designated confidential nature of the information.

12. Nothing herein shall in any respect affect the admissibility of any designated confidential document

SO ORDERED the 15th day of June, 2017.

Lee H. Rosenthal
UNITED STATES DISTRICT JUDGE

**APPROVED AS TO FORM AND SUBSTANCE:**

**Counsel for Plaintiff**

/s/ Michael A. Josephson Date: June 14, 2017

Michael A. Josephson
Texas Bar No. 24014780
Fed. Id. No. 27157
mjosephson@mybackwages.com
Andrew W. Dunlap
Texas Bar No. 24078444
Federal Id. No. 1093163
adunlap@mybackwages.com
Jessica M. Bressler
Texas Bar No. 24090008
Fed. Id. No. 2459648
jbresler@mybackwages.com
Lindsay R. Itkin
Texas Bar No. 24068647
Fed. Id. 1458866
litkin@mybackwages.com

JOSEPHSON DUNLAP LAW FIRM
11 Greenway, Suite 3050
Houston, Texas 77046
Telephone: (713) 352-1100
Facsimile: (713) 352-3300

AND

Richard J. (Rex) Burch
Texas Bar No. 24001807
Fed. Id. No. 21615
rburch@brucknerburch.com

BRUCKNER BURCH, P.L.L.C.
8 Greenway Plaza, Suite 1500
Houston, Texas 77046
Telephone: (713) 877-8788
Facsimile: (713) 877-8065

**Counsel for Defendant**

/s/ Leslie S. Byrd Date: June 14, 2017

Leslie Selig Byrd
Attorney-In-Charge
Texas State Bar No.: 18008125
Southern District Bar No.: 15506
leslie.byrd@bracewell.com
Amber K. Dodds
Texas State Bar No. 24082923
amber.dodds@bracewell.com

BRACEWELL LLP
300 Convent Street, Suite 1500
San Antonio, Texas 78205
Telephone: (210) 299-3460
Facsimile: (800) 404-3970

Amy Karff Halevy
State Bar No. 11098750
amy.halevy@bracewell.com

BRACEWELL LLP
711 Louisiana Street, Suite 2300
Houston, Texas 77002-2770
Telephone: (713) 221-1259
Facsimile: (713) 222-3269