# EXHIBIT 2

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| DARVIN McAFEE, individually and on behalf of all others similarly situated | § § § | |
| Plaintiff, | § § | |
| v. | § § | CIVIL ACTION NO. 4:16-cv-03298 |
| PIONEER NATURAL RESOURCES COMPANY | § § § § | |
| Defendant. | § § | |

## CONFIDENTIAL SETTLEMENT AGREEMENT AND RELEASE

1. This Confidential Settlement Agreement and Release (the "Agreement" or "Confidential Settlement Agreement") is entered into between Plaintiff Darvin McAfee ("Plaintiff") and the Settlement Class and Pioneer Natural Resources Company ("Defendant" or "Pioneer"), (together, the "Parties"), subject to the approval of the Court.

## RECITALS

2. Plaintiff, individually and on behalf of the Settlement Class, as defined below, filed this Action asserting that Pioneer, as defined below, failed to properly classify and pay proper overtime wages under the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq*. ("FLSA").

3. As a result of the Parties' arms-length negotiations, the Parties have agreed to settle this Action ("the Settlement") according to the terms of this Confidential Settlement Agreement.

4. Class Counsel, as defined below, has made a thorough and independent investigation of the facts and law relating to the allegations in the Action. In agreeing to this Settlement Agreement, Class Counsel has considered: (a) the facts developed during the Parties' litigation and settlement negotiations and the law applicable thereto; (b) the attendant risks of continued litigation and the uncertainty of the outcome of the claims alleged against Defendant; and (c) the desirability of consummating this Settlement according to the terms of this Confidential Settlement Agreement. Plaintiff has concluded that the terms of this Settlement are fair, reasonable and adequate, and that it is in the best interests of Plaintiff and the Settlement Class, as defined below, to settle their claims against Defendant and the Released Parties, as defined below, pursuant to the terms set forth herein.

5. Defendant denies the allegations in Plaintiff's lawsuit and denies that it engaged in any wrongdoing or violation of law and denies any and all liability. Defendant further denies that Plaintiff and the Settlement Class are employees or joint employees of Pioneer, and asserts that

Plaintiff and the Settlement Class are independent contractors. Defendant is entering into this Agreement because it will eliminate the burden, risk and expense of further litigation. Except for purposes of this Settlement, neither this Agreement nor any document referred to herein, nor any action taken to carry out this Agreement, may be used in any way as an admission, concession or indication by or against Defendant of any fault, wrongdoing or liability whatsoever, including any concession that certification of a class other than for purposes of this Settlement would be appropriate in this Action or any other case.

6. The Parties recognize that notice to the Settlement Class of the Settlement of this Action, as well as Court approval of this Settlement, are required to effectuate the Settlement, and that the Settlement will not become operative until the Court approves the Settlement and the Settlement becomes effective.

7. The Parties stipulate and agree that, for settlement purposes only, the requisites for establishing collective action certification under the FLSA pursuant to 29 U.S.C. § 216(b) are met. The Parties further stipulate that, for settlement purposes, the Court order the following class be certified for the three-year period prior to the Court's approval of this Confidential Settlement Agreement:

> "All well site consultants, including drilling, completion, production and construction consultants, supervisors, superintendents and foreman providing services to Pioneer, as independent contractors or consultants, including but not limited to well site consultants assigned to Pioneer by staffing agencies or other entities, who did not receive overtime for weekly hours over 40."

Should this Settlement not become final, such stipulation to collective action certification shall become null and void and shall have no bearing on, and shall not be admissible in connection with, the issue of whether or not certification would be appropriate in a non-settlement context.

8. Upon their approval and execution of this Agreement, the Parties will file a Joint Motion for Approval of Confidential Settlement Agreement and Stipulation of Dismissal with Prejudice, which is intended to have full res judicata effect as to any and all Released Claims. As confidentiality of this Agreement is a material inducement to the Parties' agreement to settle, and a material term of this Agreement, the Parties agree that the Confidential Settlement Agreement will be provided to the Court for *in camera* review as an exhibit to the Parties' contemporaneously filed Joint Motion to File Settlement Agreement Under Seal. The Parties will also file the Confidential Settlement Agreement with the financial terms redacted.

9. As bona fide disputes and controversies exist among the Parties, both as to liability and the amount thereof, if any, including disputes concerning employee and employer status, joint employment status, exempt status, the amount of overtime pay due, if any, the availability of liquidated damages, pre-judgment interest and whether any alleged violations constitute willful violations of the FLSA, the Parties desire to compromise and settle fully and finally, by the execution of this Agreement, all claims and causes of action asserted or that could have been asserted by the Settlement Class in the Action.

10. In consideration of the foregoing and other good and valuable consideration, the receipt and sufficiency of which is hereby acknowledged by each party to the other, IT IS HEREBY AGREED, by and between the undersigned, subject to the approval of the Court and the other conditions set forth herein, that the claims of Plaintiff and the Eligible Settlement Class Members (as defined below) against Defendant shall be settled, compromised and dismissed, on the merits and with prejudice, and that the Released Claims (as defined below) shall be finally and fully compromised, settled and dismissed as to the Defendant and the Released Parties (as defined below), in the manner and upon the terms and conditions set forth below.

## **DEFINITIONS**

11. The following terms used in this Settlement Agreement shall have the meanings ascribed to them below:

    a. "Action" means the lawsuit filed by Plaintiff against Defendant on November 8, 2016.

    b. "Class Counsel" means Josephson Dunlap Law firm, and Bruckner Burch PLLC.

    c. "Class Period" means the period three years prior to the date of the Court's approval.

    d. "Court" means the United States District Court for the Southern District of Texas, Houston Division.

    e. "Pioneer's Counsel" means Bracewell LLP.

    f. "Defendant" as used in this Agreement means Pioneer Natural Resources Company or Pioneer Natural Resources USA, Inc.

    g. "Pioneer" or "Company" as used in this Agreement means Pioneer Natural Resources Company, Pioneer Natural Resources USA, Inc., Pioneer Natural Resources Pumping Services LLC, Pioneer Natural Resources Well Services LLP, Pioneer Sands LLC, and any and all of their past and present affiliates, successors, assigns, businesses, parent companies, subsidiaries, divisions, partnerships, limited partnerships, partners, joint ventures, predecessors, officers, directors, trustees, conservators, employees, agents, insurance carriers, contractors, representatives, shareholders, and external and in-house attorneys, and all persons or entities claiming through such parties.

    h. "Released Parties" or "Releasees" as used in this Agreement means Pioneer Natural Resources Company, Pioneer Natural Resources USA, Inc., Pioneer Natural Resources Pumping Services LLC, Pioneer Natural Resources Well Services LLP and Pioneer Sands LLC, and any and all of their past and present affiliates, successors, assigns, businesses, parent companies, subsidiaries, divisions, partnerships, limited partnerships, partners, joint ventures, predecessors, officers, directors, trustees, conservators, employees, agents, insurance carriers, contractors, representatives, shareholders, and external and in-house attorneys, and all persons or entities claiming through such parties.

    i. "Eligible Class Member" or "Eligible Settlement Class Member" means any Settlement Class Member who timely signs and returns the Individual Consent Form Release and the IRS Form W-9 ("W-9") to Plaintiff's Counsel within 60 calendar days from the date Plaintiff's counsel or any Settlement Administrator mails or emails these forms to the Settlement Class Members.

    j. "Effective Date" means the first business day following the Court's approval of the Parties' Motion for Approval of Confidential Settlement Agreement and Stipulation of Dismissal with Prejudice.

    k. "Fee Award" means the award of attorneys' fees that the Court authorizes to be paid to Class Counsel for the services they provided to Plaintiff and the Settlement Class in the Action. The Fee Award shall not to exceed the sum of ▮▮▮▮▮▮▮▮▮▮ ($▮▮▮▮▮▮▮▮), which is approximately thirty-seven and one-half percent (37.5%) of the Gross Settlement Amount. In addition to the Fee Award, Class Counsel shall be entitled to recover their costs up to $▮▮▮▮▮▮. The Fee Award will compensate Class Counsel for all work performed in the Action as of the date of this Settlement Agreement as well as all of the work remaining to be performed, including but not limited to documenting the Settlement, securing Court approval of the Settlement, making sure that the Settlement is fairly administered and implemented, and obtaining final dismissal of the Action.

    l. "Gross Settlement Amount" means the maximum amount that Defendant would pay in the event that Plaintiff and all Settlement Class Members timely complete the requirements to be classified as an "Eligible Class Member." The Gross Settlement Amount is the potential sum of ▮▮▮▮▮▮▮▮▮▮ ($▮▮▮▮▮▮▮▮). This Gross Settlement Amount equals the Net Settlement Amount, as defined below, plus the Settlement Payments to Eligible Class Members. In no event shall the Gross Settlement Amount exceed this sum. The Gross Settlement Amount that Defendant shall pay shall be reduced by the amount of Retention due Defendant (as defined below.)

    m. "Net Settlement Amount" means the Gross Settlement Amount less: (i) the Fee Award and costs; (ii) the costs related to administering this Settlement charged by a Settlement Administrator, if used, which will not to exceed $▮▮▮▮▮▮▮; and (iii) a Service Award to Plaintiff in an amount not to exceed $▮▮▮▮▮▮. The Parties acknowledge that all of these amounts are subject to the Court's approval.

    n. "Retention" means that amount of the Net Settlement Amount that is unclaimed or forfeited by Settlement Class Members who do not timely return their completed and executed Claim Form and Release and W-9 Form to Class Counsel or any Settlement Administrator within sixty (60) calendar days of the date the Claim and Release Forms were distributed or otherwise timely negotiate any settlement payments as described below. This amount reduces the amount of the Net Settlement Amount, and thereby the Maximum Gross Settlement, by the amount unclaimed. Defendant is responsible for the payment of only that portion of the Net Settlement Amount which is distributed to Eligible Settlement Class Members, as defined above, who have timely returned properly executed and completed Claim and Release Forms and W-9. Amounts retained by Defendant shall not be part of the consideration for the settlement of this Action. Defendant shall pay the amount due to Eligible Class Settlement

Members to Class Counsel or Settlement Administrator if used for distribution to the Eligible Settlement Class Members within twenty (20) business days from the receipt and approval by the Parties of an accounting from Class Counsel or any Settlement Administrator to include at a minimum a listing of the names, social security numbers and amounts payable to each opt-in, as well as the signed and dated Claim and Release Form and Form W-9. Class Counsel or any Settlement Administrator agrees to provide the receipt of accounting within fifteen (15) business days from the close of the opt-in deadline.

       o.    "Notice Deadline" means the date sixty (60) calendar days after the Notice of Settlement and the Claim and Release Form are initially mailed by Class Counsel or any Settlement Administrator to the Settlement Class Members.

       p.    "Notice of Settlement" means the notice to the Settlement Class Members substantially in the form as Exhibit A attached hereto or as approved by the Court.

       q.    "Parties" means Plaintiff and Pioneer.

       r.    "Plaintiff" means Darvin McAfee.

       s.    "Released Claims" of Settlement Class Members means any and all state, local or federal claims, obligations, demands, actions, rights, causes of action and liabilities, whether known or unknown, against Releasees for alleged unpaid overtime wages, liquidated or other damages, unpaid costs, penalties (including late payment penalties), premium pay, interest, attorneys' fees, litigation costs, restitution or other compensation and relief arising under the FLSA or any other state or local wage-related law and including any other claims or causes of action related to alleged unpaid compensation for the services provided by Plaintiff and Settlement Class Members to Defendant during the Class Period. The Parties acknowledge that only Settlement Class Members who timely return a Settlement Consent Form and Form W-9 shall release their claims against Releasees. Released Claims of the Named Plaintiff is defined in paragraph 12(a) below.

       t.    "Settlement Administrator" if used is a third party claims administrator mutually agreed to by the Parties.

       u.    "Settlement Award" or "Settlement Payment" means the total payment that each Eligible Class Member shall be entitled to receive pursuant to the terms of this Agreement. The total Settlement Award is damages and is classified for tax purposes as 1099 Income.

       v.    "Settlement Class" or "Settlement Class Member" means all individuals who are covered by this Confidential Settlement Agreement and potentially eligible to receive a Settlement Award, under the terms described in this Agreement, and is intended to cover the current and former well site consultants, including drilling, completion, production and construction consultants, supervisors, superintendents and foreman providing services to Pioneer, as independent contractors or consultants, including but not limited to well site consultants assigned to Pioneer by staffing agencies or other entities, who did not receive overtime for weekly hours over 40 (collectively the "Settlement Class Members") during the Class Period.

   w. "Claim Form and Release" or "Settlement Consent Form" means the form attached hereto as Exhibit A, subject to the approval of the Court.

## CONFIDENTIALITY

The Parties agree that the terms of this Agreement are strictly confidential and will not be disclosed to others by the Parties, Settlement Class Members or Parties' counsel. The Parties also believe that the publication of the Agreement and attachments thereto may have adverse consequences, including but not limited to Pioneer's operations and its competitiveness in the marketplace. As this is a settlement of bona fide factual and legal disputes, and confidentiality is of upmost importance, a material inducement to the Parties agreement to settle, and a material term of this Agreement, the Parties agree that the Confidential Settlement Agreement will be provided to the Court for *in camera* review as an exhibit to the Parties' contemporaneously filed Joint Motion to File Settlement Agreement Under Seal. The Parties will also file the Agreement with the financial terms redacted.

## RELEASES

  12. **Release**. In consideration of the benefits to be received by Plaintiff and the Eligible Class Members under this Settlement, upon the Effective Date:

   a. Plaintiff Darvin McAfee shall be deemed to have released and forever discharged Releasees, as defined above, from any and all Released Claims, and, in addition, shall be deemed to have released Releasees from any and all claims, demands, rules or regulations, or any other causes of action of whatever nature, whether known or unknown, including but not limited to the Fair Labor Standards Act, any state wage and pay laws; any claims alleging joint or single employer or claims asserting employee status; Title VII of the Civil Rights Act of 1964, as amended; Sections 1981 through 1988 of Title 42 of the United States Code, as amended; The Genetic Information Nondiscrimination Act of 2008 (GINA); The Employee Retirement Income Security Act of 1974 ("ERISA"); The Civil Rights Act of 1991; The Immigration Reform and Control Act; The Americans with Disabilities Act of 1990; The Family and Medical Leave Act; The Equal Pay Act; or any claims or allegation for costs, fees, interest, or other expenses including attorneys' fees incurred in any matter; or any and all claims for wages, overtime, bonuses, or other compensation of any type, whether under common law or policy or contract, and any other federal, state or local human rights, civil rights, wage-hour, whistleblower, pension or labor laws, rules and/or regulations, public policy; any and all claims that were asserted or that could have been asserted in the Action, any claim for breach of contract, contract or tort laws, or any claim arising under common law, such as claims for malicious prosecution, misrepresentation, defamation, false imprisonment, libel, slander, invasion of privacy, negligence, claims based on theories of strict liability or *respondeat superior*, infliction of emotional distress, or otherwise, or any other action or grievance against the Company and Released Parties, based upon any conduct occurring up to and including the date of the Court's Approval Order; and

   b. Eligible Class Members (as defined above) shall be deemed to have released and discharged the Company and Released Parties from the Released Claims (as defined above).

## CERTIFICATION, NOTICE AND SETTLEMENT IMPLEMENTATION

13.     The Parties agree to the following procedures for obtaining approval of the Settlement, certifying the Settlement Class for the purpose of settlement only, and notifying the Settlement Class of this Settlement:

a.     **Request for Class Certification and Approval Order**.  Following the execution of this Settlement Agreement by all parties, Plaintiff shall file a Motion for Approval of Confidential Settlement Agreement and Stipulation of Dismissal with Prejudice, requesting that the Court approve the Settlement, certify the Settlement Class, as defined herein, pursuant to 29 U.S.C. § 216(b) for settlement purposes only and approve the Notice of Settlement and Claim Form and Release attached hereto as Exhibit A.

b.     **Notice**.  Class Counsel or a Settlement Administrator if used shall be responsible for preparing, printing and mailing the Notice of Settlement and Consent Form and Release to all Settlement Class Members.

c.     The Parties have agreed upon mutually acceptable notice and settlement procedures to timely effectuate the implementation of this Settlement. Within 30 calendar days of the Court's Order approving the Confidential Settlement Agreement, Defendant shall provide to Plaintiff's counsel a list of the names of the Settlement Class Members, and their mailing address, telephone numbers and email if available, and the number of workweeks each Class Member provided services to Pioneer during the Class Period.

d.     Within fourteen (14) calendar days after receiving the Class List, the Settlement Administrator or Class Counsel shall provide the preliminary individual settlement calculations to Defendant and Class Counsel as applicable.  The Parties shall have fourteen (14) calendar days to review the calculations and to propose any corrections or revisions.

e.     No later than thirty (30) calendar days after receiving the Class List, the Class Counsel or the Settlement Administrator, if used, shall send copies of the Court-approved Notice of Settlement, Consent Form and Release and W-9 to all Settlement Class Members via U.S. first class mail, with an enclosed self-addressed postage prepaid return envelope. Furthermore, on the 30th day following the mailing of the Court-approved Notice of Settlement, Class Counsel or a Settlement Administrator if used shall send a reminder postcard to all Settlement Class Members via U.S. first class mail that have not already submitted a Settlement Consent Form.  The reminder postcard will state only, "On _____, a Notice of Proposed Settlement and Claim Form for an overtime lawsuit settlement was mailed to you.  To date, we have not received your completed Claim Form.  If you wish to participate, you must complete, sign and return the Claim Form and W-9 Form to the Claims Administrator on or before _____.  If you have any questions or need to obtain a copy of the Notice and/or Claim Form, please contact the Claims Administrator by telephone at _____." Defendant's name will not be mentioned or visible on the outer envelope on the initial mailing envelope or the reminder postcard.

f.     Any Notice of Settlement and Consent Form and Release returned with a forwarding address shall be re-mailed by Class Counsel or the Settlement Administrator if used

within five (5) business days following receipt of the returned mail. If any Notice of Settlement and Consent Form and Release is returned without a forwarding address, Class Counsel or the Settlement Administrator if used shall undertake reasonable efforts such as skip traces to search for the correct address within five (5) business days, and shall re-mail the Notice of Settlement and Settlement Consent Form to any newly found addresses within five (5) business days of finding the new address(es). Nothing in this Agreement shall limit Defendant's right and ability to communicate with consultants currently assigned to Pioneer, including those who are Settlement Class Members.

       g.    Within seven (7) calendar days after the Notice Deadline, Class Counsel or any Settlement Administrator shall confirm (a) the total number of Settlement Class Members who were sent the Notice of Settlement and Settlement Consent Form; and (b) the total number of Settlement Class Members who timely returned the Consent Form and Release.

       h.    The Settlement Administrator, if used, shall provide counsel for the Parties with a final report of all proposed Settlement Awards, no more than fifteen (15) calendar days following the close of the opt-in period.

14.    **Court Filings Shall be Under Seal.**  The Parties agree that this Agreement shall be confidential, subject to approval of the Court. This Agreement shall be under seal, subject to approval of the Court.

### SETTLEMENT FUNDS AND AWARD CALCULATION

15.    **Gross Settlement Amount.**

    a.    **Funding.**

       (1)    Within thirty (30) calendar days from the close of the opt-in period and confirmation of receipt of valid documentation from the Eligible Class Members, Defendant shall wire the settlement awards due the Eligible Class Members, approved attorneys' fees award, costs, service awards and settlement administration costs to Class Counsel or the Qualified Settlement Fund ("QSF") set up by the Settlement Administrator if applicable. Prior to the conclusion of the thirty (30) day period, Class Counsel or the Settlement Administrator if used shall provide Defendant's counsel with copies of the Eligible Class Members' Claim Form and Release and Form W-9.

    b.    **Disbursements**. All disbursements made by a Settlement Administrator, if used, shall be made from the Qualified Settlement Fund. In that event, the Settlement Administrator shall be the only entity authorized to make withdrawals or payments from the Qualified Settlement Fund.

16.    **Payments**. Subject to the Court's Approval Order, the following amounts shall be paid by the Settlement Administrator from the Gross Settlement Amount:

    a.    **Service Award to Plaintiff**. Subject to the Court's approval, Plaintiff shall receive up to ▮▮▮▮▮▮▮▮▮▮ (▮▮▮▮▮▮) for his efforts in bringing and prosecuting the Action, and in consideration of this general release set forth above in Paragraph 12(a). This

payment shall be made forty-five (45) calendar days after the close of the Notice Period. Plaintiff shall receive an IRS Form 1099 and shall be solely and legally responsible for all taxes on the Service Award and any other settlement payment received from Defendant.

      b.   **Attorneys' Fees and Costs.**

          (i)   Subject to the Court's approval, Class Counsel shall receive the Fee Award in the applicable amount described herein.

          (ii)   The Fee Award paid by Defendant pursuant to this Agreement shall constitute full satisfaction of Defendant's obligations to pay amounts to any person, attorney or law firm for attorneys' fees or costs in the Action on behalf of Plaintiff and/or any Settlement Class Member, and shall relieve Defendant from any other claims or liability to any other attorney or law firm for any attorneys' fees or costs to which any of them may claim to be entitled on behalf of Plaintiff or any Settlement Class Member.

          (iii)   An IRS Form 1099 shall be provided to Class Counsel for the payments made to Class Counsel. Each firm constituting Class Counsel shall be solely and legally responsible to pay any and all applicable taxes on the payment made to that firm.

          (iv)   The Fee Award shall be paid to Class Counsel forty-five (45) calendar days after the close of the Notice period.

      c.   **Payments to the Eligible Class Members**. The individual settlement awards shall be mailed to the Eligible Class Members no later than sixty (60) calendar days following the close of the opt-in deadline.

      d.   **Other Costs**. Any Settlement Administration costs shall not exceed $[redacted] and shall be paid from the Gross Settlement Amount. The Parties agree to cooperate in the settlement administration process and to make all reasonable efforts to control and minimize the costs incurred in the administration of the Settlement.

## CALCULATION AND DISTRIBUTION OF SETTLEMENT AWARDS

17.   **Settlement Awards to Eligible Class Members**.

      a.   All Eligible Class Members shall be paid a Settlement Award from the Net Settlement Amount, based upon the total number of weeks that the respective Eligible Class Member provided services to Pioneer during the Class Period. Defendant shall provide the total number weeks that the Class Member provided services during the Class Period to Plaintiff's counsel. Individuals who opted in to this case before a settlement was reached will be credited for all weeks worked during the time period three years prior to the date the consent was filed through the date of Court approval.

      b.   In order to be eligible for the Individual Settlement Amount, in addition to a signed Release, each Settlement Class Member shall provide Plaintiffs' Counsel with a signed Form W-9 prior to the issuance of any settlement payment.

c.  All Settlement Award checks shall remain valid and negotiable for ninety (90) calendar days from the date of their issuance and will thereafter automatically be canceled if not cashed within that time, at which time the right to recover any Settlement Award will be deemed void and of no further force and effect.  The Class Members will be notified in writing that the check must be cashed or deposited within ninety (90) calendar days or it will be cancelled and deemed void and of no further effect.  In the event a Settlement Class Member fails to timely negotiate his check, Defendant will have no further obligations to such Class Member.

18. **Taxes & Reporting**

a.  The Settlement Awards to Eligible Class Members shall be treated as liquidated damages, to be reported on an IRS Form 1099, and shall not be subject to FICA and FUTA withholding taxes.  The Eligible Class Members shall provide identification information necessary on the Claim Form and a Form W-9 to enable the Settlement Administrator to issue the IRS Form 1099 for each Eligible Class Member based upon the amount of the Settlement Award.

b.  Any Settlement Administrator agrees to indemnify and hold harmless Defendant and the Released Parties for any taxes, penalties and interest assessed to Defendant and the Released Parties under this Agreement.

c.  The Eligible Class Members agree to indemnify and hold harmless Pioneer and the Released Parties for any taxes, penalties and interest due by the Eligible Class Member or assessed to Pioneer and Released Parties on the Settlement Payment.

d.  Pioneer and Released Parties make no representation as to the taxability of any portion of the Individual Settlement Payment or any other payment in this Agreement.

19. **Total Liability of Defendant**.  Defendant's total liability under this Confidential Settlement Agreement under any circumstances is the payment of the Court-approved attorneys' Fee Award, costs, named Plaintiff's service award, Settlement Administrator costs, and the settlement awards due Eligible Class Members, all as previously defined and identified in this Settlement Agreement.

20. **No Claim Based Upon Distributions or Payments in Accordance with this Settlement Agreement**.  No person shall have any claim against Defendant or the Releasees, Plaintiffs, the Settlement Class Members, Class Counsel, Defendant's Counsel or any Settlement Administrator based on distributions or payments made in accordance with this Settlement Agreement, except as provided in  paragraph 18(b).

## MISCELLANEOUS

21. **Defendant's Legal Fees.** Defendant's legal fees and expenses in the Action shall be borne by Defendant.

22. **No Effect on Benefit Plans.**  The Settlement Payment to any Plaintiff or Eligible Class Member as provided for in this Agreement is not and shall not be deemed by Defendant to constitute credited hours of service, compensation and/or wages under any (i) employee benefit plan or employment policy; or (ii) stock option plan of or sponsored by Pioneer or the Released

Parties or jointly trusteed benefit plans. Any such payment to any Plaintiff or Eligible Class Member shall not be considered by Pioneer to form the basis for contributions to, benefits under, or any other entitlements under any employee benefit plan, employment policy, or stock option plan of or sponsored by Pioneer or the Released Parties or any jointly trusteed benefit plans. Pioneer and each of its present and former parent corporations and affiliates retain the right to modify and/or amend the language of their employee benefit plans, employment policies, and stock option plans, and to seek to have modified and/or amended the language of any jointly administered benefit plans, to make clear that any amounts paid as a result of this Agreement are not considered by Pioneer as compensation or wages, or payments for "hours worked," as defined by the applicable plans and policies and that no contributions or benefits will be provided by Pioneer by reason of the settlement, as Plaintiff and the Settlement Class are independent contractors, and not employees or joint employees of Pioneer.

23. **Inadmissibility of Settlement Agreement**. Except for purposes of settling this Action, neither this Agreement, nor its terms, nor any document, statement, proceeding or conduct related to this Agreement, nor any reports or accounts thereof, shall be construed as, offered or admitted in evidence as, received as, or deemed to be evidence for any purpose adverse to the Parties, including, without limitation, evidence of a presumption, concession, indication or admission by any of the Parties of any liability, fault, wrongdoing, omission, concession or damage.

24. **Computation of Time**. For purposes of this Agreement, if the prescribed time period in which to complete any required or permitted action expires on a Saturday, Sunday, or legal holiday (as defined by FED. R. CIV. P. 6(a)(6)), such time period shall be continued to the following business day.

25. **Amendment or Modification**. This Agreement may be amended or modified only by a written instrument signed by counsel for all Parties or their successors in interest.

26. **Entire Settlement Agreement**. This Agreement constitutes the entire agreement among the Parties, and no oral or written representations, warranties or inducements have been made to any Party concerning this Agreement other than the representations, warranties, and covenants contained and memorialized in such documents.  All prior or contemporaneous negotiations, memoranda, agreements (including without limitation any and all Settlement Term Sheets), understandings, and representations, whether written or oral, are expressly superseded hereby and are of no further force and effect.  Each of the Parties acknowledges that it has not relied on any promise, representation or warranty, express or implied, not contained in this Agreement.

27. **Authorization to Enter Into Settlement Agreement**. Counsel for all Parties are expressly authorized by the Parties whom they represent to enter into this Agreement and to take all appropriate action required or permitted to be taken by such Parties pursuant to this Agreement to effectuate its terms, and to execute any other documents required to effectuate the terms of this Agreement.  The Parties and their counsel shall cooperate with each other and use their best efforts to effect the implementation of the Agreement.

28. **Binding on Successors and Assigns**. This Agreement shall be binding upon, and inure to the benefit of Plaintiff, Defendant, and the Eligible Class Members and their heirs, beneficiaries, executors, administrators, successors, transferees, successors, assigns, or any corporation or any entity with which any party may merge, consolidate or reorganize.

29. **Counterparts**. This Agreement may be executed in one or more counterparts, including by facsimile or email.  All executed counterparts and each of them shall be deemed to be one and the same instrument.

30. **Cooperation and Drafting.**  The Parties have cooperated in the drafting and preparation of this Agreement; hence the drafting of this Agreement shall not be construed against any of the Parties.  The Parties agree that the terms and conditions of this Agreement were negotiated at arms' length and in good faith by the Parties, and reflect a settlement that was reached voluntarily based upon adequate information and sufficient discovery and after consultation with experienced legal counsel.

31. **Jurisdiction of the Court.** The Court shall retain jurisdiction with respect to the interpretation, implementation, and enforcement of the terms of this Settlement and all orders and judgments entered in connection therewith, and the Parties and their Counsel submit to the jurisdiction of the Court for this purpose.

32. **Confidentiality of Material Provided to Class Counsel.**  All materials provided by Defendant to Class Counsel or the Settlement Administrator shall be kept confidential and used only for purposes of administering the Settlement.  No later than thirty (30) days after the time period for cashing checks constituting Settlement Awards, Class Counsel shall either destroy or return to Defendant's counsel the original and all copies of any documents designated as "confidential" that Defendant produced or provided to Class Counsel during the Action.

IN WITNESS WHEREOF, the Parties and their Counsel have executed this Confidential Settlement Agreement and Release as follows:

**PLAINTIFF:** _____ Date: Sep 17, 2017, 2017
Darvin McAfee (Sep 17, 2017)
Darvin McAfee

**CLASS COUNSEL:** _____ Date: 9/17, 2017
Michael A. Josephson
State Bar No. 24014780
Andrew Dunlap
State Bar No. 24078444
Josephson Dunlap Law Firm
11 Greenway Plaza, Suite 3050
Houston, Texas 77046
713-352-1100 – Telephone
713-352-3300 – Facsimile

Richard J. (Rex) Burch
State Bar No. 24001807
Bruckner Burch PLLC
8 Greenway Plaza, Suite 1500
Houston, Texas 77046
713-877-8788 – Telephone
713-877-8065 – Facsimile

**DEFENDANT'S COUNSEL:** *[signature: Leslie Selig Byrd]* Date: September 18, 2017

Leslie Selig Byrd
Bracewell LLP
Amber Dodds
Bracewell LLP
300 Convent Street, Suite 1500
San Antonio, Texas 78205
210-299-3460 – Telephone
800-404-3970 – Facsimile

**DEFENDANT:** *[signature]* Date: September 18, 2017
PIONEER NATURAL RESOURCES COMPANY

# EXHIBIT A

# CONFIDENTIAL

## NOTICE OF CONFIDENTIAL SETTLEMENT & CLAIM FORM AND RELEASE

**To:**   «First_Name» «Last_Name»

**Re:**   Your Eligibility to Recover Monetary Compensation from a Settlement with Pioneer Natural Resources Company

**Date:**   _____

### WHY AM I GETTING THIS NOTICE?

You are getting this Notice because a lawsuit against Pioneer Natural Resources Company ("Pioneer") has settled.  The lawsuit claimed that well site consultants, including drilling, completion, production and construction consultants and supervisors, foremen and superintendents (collectively, "Consultants") providing services to Pioneer, were employees of Pioneer and not independent contractors or consultants, and that as employees, Pioneer was required to pay you and other Consultants overtime under federal law.  The lawsuit made these claims for all current and former Consultants providing services to Pioneer as independent contractors or consultants, including those assigned to Pioneer by staffing agencies or other entities during the past three years.  Pioneer denies these allegations and contends that you are an independent contractor and that Pioneer is not your employer and that you are not an employee of Pioneer.  Pioneer contends that you were paid lawfully and properly for services provided to Pioneer through a staffing agency or otherwise. The Court has not ruled on the merits of the Plaintiff's claims or Pioneer's defenses.

Because you worked as a Consultant during the relevant time period, you are eligible to receive money under the settlement if you fill out the attached Claim Form and Release and Form W-9 and follow the instructions and return it to the Settlement Administrator by «Claim_Filing_Date».

### HOW DO I PARTICIPATE IN THIS CONFIDENTIAL SETTLEMENT?

You must fill out the attached Claim Form and Release and Form W-9 to receive money under the settlement. The Claim Form and enclosed W-9 must be returned to the Settlement Administrator _____ by U.S. Mail (postmark date), fax or E-Mail by «Claim_Filing_Date», if you want to receive money from the settlement.

If you do *not* want to accept the settlement, simply do nothing.

### SETTLEMENT PAYMENT.

By timely submitting and signing the attached Claim Form and Release, and enclosed W-9, you will be entitled to a payment from the settlement.  Your settlement payment was based on

the number of weeks you were assigned to Pioneer and provided services to Pioneer during the relevant period, and the compensation you received from the staffing agency or others for those services to Pioneer. Your settlement payment is estimated to be: $«AMOUNT».

### WHAT HAPPENS IF I SUBMIT MY CLAIM FORM?

If you return the Claim Form by «Claim_Filing_Date»:

A. You will be acknowledging that you are represented by Josephson Dunlap Law Firm and Bruckner Burch PLLC ("Class Counsel") and that you will be bound by the terms of the Professional Services Agreement signed by the Named Plaintiff in this case. You will not have to pay Class Counsel any money directly.

B. You will be waiving and releasing any and all claims for alleged unpaid wages or overtime and any other claims for alleged unpaid compensation against Pioneer during the period beginning three years back from the date you sign the enclosed Claim Form and Release.

C. You will receive your settlement payment.

D. If you do not submit a claim form and W-9 Form, you will not receive any money from this Settlement.

E. You will be responsible for notifying the Settlement Administrator or Class Counsel if your contact information changes following your submission of the Claim Form and Release.

### WHEN WILL I RECEIVE MY MONEY?

Individual shares of the Settlement will be mailed approximately sixty (60) days following the close of the opt-in period. This is only an estimate.

### WHAT DOES CONFIDENTIAL MEAN?

You may not disclose the fact or details of the settlement. If you choose to participte in this settlement, you may not tell anyone the amount of money you received from Pioneer, or even that you you participated in a settlement involving Pioneer or that you received any money from Pioneer. You may only tell your spouse, legal counsel and tax advisors.

### WHAT DOES THE COURT THINK?

While the Court approved this settlement, the Court did not determine Pioneer (or anyone else) did anything wrong. The Court did not determine you are owed any money. Instead, this is a settlement payment.

## **WHAT DOES PIONEER THINK?**

Pioneer believes the lawsuit is without merit and that you were an independent contractor and not Pioneer's employee and that you were paid correctly and fairly for the services you provided to Pioneer. Pioneer nonetheless believes this settlement is a business solution to this dispute.

## **WHAT IF I HAVE OTHER QUESTIONS?**

This Notice is only a summary. If you have additional questions, please call Josephson Dunlap at **713-352-1100 or the Settlement Administrator at _____**. You may also email Josephson Dunlap at info@mybackwages.com with your questions or to schedule a phone call or meeting with Class Counsel. The deadline for receiving your completed Claim Form and Release will not be extended under any circumstances.

**If your signed and completed Claim Form and Release is not postmarked, faxed and/or emailed by «Claim_Filing_Date», you will not receive money from the settlement.**

**Please do not contact the Court regarding this settlement. The Court must remain neutral in this matter and cannot offer you advice.**

**Where do I Send My Claim Form and Release?**

Please return the Claim Form and Release to:
Pioneer Overtime Settlement
c/o _____
******
Or by E-Mail: [INSERT ADDRESS]

**CONFIDENTIAL**

**CLAIM FORM AND RELEASE**

I read the Notice regarding the overtime settlement with Pioneer Natural Resources Company ("Pioneer"). I had the opportunity to talk to Class Counsel, attorneys for Plaintiff in the Lawsuit, about my rights and obligations under the settlement. I am making an informed, knowledgeable, and voluntary decision to sign this Claim Form and Release so I can obtain my settlement payment.

**I understand that if I want to participate in this settlement that my signed Claim Form and Release and W-9 must be postmarked, faxed, or emailed by «Claim_Filing_Date» or I will not receive any money under the settlement.**

**Release of Claims.** In consideration for the payment of my settlement share, I am giving up potential or actual claims against various persons and entities. I am also giving up the right to sue for potential or actual claims against various persons and entities. In particular, I waive and release Pioneer Natural Resources Company, Pioneer Natural Resources USA, Inc., Pioneer Natural Resources Pumping Services LLC, Pioneer Natural Resources Well Services LLP and Pioneer Sands LLC and any and all of their past and present affiliates, successors, assigns, businesses, parent companies, subsidiaries, divisions, partnerships, limited partnerships, partners, joint ventures, predecessors, officers, directors, trustees, conservators, employees, agents, insurance carriers, contractors, representatives, shareholders, and external and in-house attorneys, and all persons or entities claiming through such parties (collectively referred to as "Pioneer") during the time period beginning three (3) years back from the date I sign this Claim Form and Release from any and all claims relating to compensation, wages, overtime, benefits under the Fair Labor Standards Act or any other federal, state or local wage and hour law and any other claims related to my providing services to Pioneer.

**THIS IS A CONFIDENTIAL SETTLEMENT.** I understand that I am specifically prohibited from talking about, disclosing, or otherwise disseminating the amount I am receiving by virtue of this settlement, as well as any of the terms of this Agreement, the negotiations among the Parties concerning the terms or any proposed terms of the Agreement, and the existence of this Agreement, to any person other than my spouse, legal counsel, and tax advisors. If you violate this confidentiality agreement, and are sued, you may be responsible to return all or part of the settlement monies that are being paid to you, as well as damages resulting from your violation of this provision and costs associated with such a lawsuit, including attorneys' fees and case expenses. I AGREE I WILL NOT DISCLOSE THIS SETTLEMENT.

For tax reporting purposes, the settlement payment will be considered liquidated damages reported as non-wage income on a Form 1099. You must timely sign and return your completed W-9 with this Claim Form and Release to participate in this settlement.

You agree to assume full responsibility to any federal, state or local taxing authorities for any tax consequences, including interest and penalties, regarding income and other taxes arising out of the payment to me as described above. You agree that Pioneer has made no representations regarding the proper tax treatment of such payments. You agree to indemnify and hold harmless

Pioneer for any tax liability assessed Pioneer as a result of this payment.

      I declare the foregoing representations and information are true and correct. By submitting the Claim Form and Release, I am consenting to join this Lawsuit.

_____     _____
(Sign Your Name Here)                          (Date)

_____
Printed Name

_____     _____
Cell Phone                                       Email Address

_____     _____
Address                                          City, State, ZIP

Last 4 Digits of Social Security Number: _____

Taxpayer ID Number: _____